[Cite as *State ex rel. Rolston v. State Teachers Retirement Bd.*, 2013-Ohio-4158.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Rick Rolston, | : | |
| Relator-Appellant, | : | |
| v. | : | No. 13AP-209 |
| | | (C.P.C. No. 12CV-8235) |
| State Teachers Retirement Board, | : | |
| | | (REGULAR CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on September 24, 2013

*Manos, Martin & Pergram Co., LPA*, and *Dennis L. Pergram*, for appellant.

*Michael DeWine*, Attorney General, and *Allan K. Showalter*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Rick Rolston, Ph.D., is appealing from the refusal of the Franklin County Court of Common Pleas to issue a writ of mandamus to the State Teachers Retirement Board ("STRB"). He assigns two errors for our consideration:

[I.] The trial court committed prejudicial error by not issuing a writ of mandamus ordering the Retirement Board to accept contributions on all of Dr. Rolston's base salary.

[II.] The trial court committed prejudicial error by not issuing a writ of mandamus ordering the Retirement Board to accept contributions on the pick up made by the School Board on Dr. Rolston's base salary.

{¶ 2} Dr. Rolston has served as superintendent of the Upper Scioto Valley Local School District ("USVLSD"). He also performed other duties not usually associated with a superintendent position, such as serving as an elementary school principal and as a maintenance supervisor. His initial salary was allegedly increased when he assumed the additional duties.

{¶ 3} Rolston's contract called for the district to pay all the funds due to the State Teachers Retirement System ("STRS"), including Rolston's employee contribution.

{¶ 4} Rolston's initial base salary as superintendent was $85,000. His pay was increased to over $120,000 subsequently. The reason or reasons for this increase are at the center of his controversy with STRS.

{¶ 5} STRS accepted the initial $85,000 figure as Rolston's salary for purposes of computing Rolston's retirement benefits. The $85,000 figure was increased only minimally in accord with the contract the school board for USVLSD had with its teachers for percentage increases. A mandamus action was filed in hopes of compelling STRS to accept additional sums.

{¶ 6} The STRB opposed the mandamus action and argued that the additional funds paid Rolston were actually an attempt to pump up his average salary for purposes of STRS retirement benefits and were based on an agreement to retire or were attributable to retirement. The trial court accepted this argument in refusing to grant a writ of mandamus.

{¶ 7} On appeal, counsel for Rolston argues that there is simply no evidence of an agreement to retire and that Rolston was being paid as a result of the additional duties he

assumed. Affidavits from a majority of the members of the school board for USVLSD support counsel's argument.

{¶ 8} The trial court accepted the argument set forth by STRS in part because of a perception that there was some sort of "side deal" between Rolston and members of the USVLSD Board or board members. Rolston was going to receive additional funds which were then to be funneled into a foundation to benefit students of USVLSD and used to award scholarships in the name of school board members. As a result, Rolston would receive additional retirement benefits and some funds he received would benefit both students in the district and the reputation of some school board members.

{¶ 9} Every superintendent is aware of the fact that they will retire some day. Every superintendent wants a good retirement benefit upon retirement and attempts to increase that benefit through salary increases. STRS has successfully worked with the legislature in recent years to assure that the retirement fund is solvent and has increased the number of years at top salary from three to five, so teachers do not get retirement benefits which are not in accord with the salaries earned during their teaching careers.

{¶ 10} The statutory provision which was the basis for STRS and STRB rejecting the payments above $85,000 from Dr. Rolston is R.C. 3307.01(L)(2)(k), which reads:

> (2) Compensation does not include any of the following:
>
> * * *
> (k) Anything of value received by the teacher that is based on or attributable to retirement or an agreement to retire.

{¶ 11} There is no evidence before us that Rolston had agreed to retire at a specific point in time. Although a school board might reach an agreement to encourage a capable superintendent to stay on a few more years by entering into a contract which pumped up the superintendent's retirement payments for the time after those few more years, the

evidence in Dr. Rolston's case does not prove such a specific agreement to have been in place.

{¶ 12} However, R.C. 3307.01(L)(2)(k) also denies as income funds "attributable to retirement."  If the agreement between Dr. Rolston and the school board was nothing more than the generalized desire all superintendents have to maximize these retirement benefits, R.C. 3307.01(L)(2)(k) would not block the additional funds he received as being considered income for retirement purposes.  Instead, based upon the evidence before it, the STRB found a more specific effort to pump up Dr. Rolston's retirement.  The trial court did not grant a writ of mandamus to overturn that determination by the STRB.

{¶ 13} In reviewing the trial court's finding that no writ should be issued, we are bound by the recent guidance from the Supreme Court of Ohio in *State ex rel. Nese v. State Teacher's Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777.  The *Nese* case makes clear or restates a number of applicable legal principles.  First, Dr. Rolston must establish his entitlement to a writ of mandamus by clear and convincing evidence.  Second, Dr. Rolston is entitled to a writ only if he shows that STRS and STRB abused their discretion in making these determinations.  Third, the quantum of evidence necessary to support a decision by STRB is not great.  The decision of STRB must only be supported by some evidence.

{¶ 14} The Supreme Court went on in its *Nese* opinion to state that the "some evidence" standard commonly used in workers' compensation cases applies equally to evaluation of decisions of STRS and STRB.  This honorable appellate court has to apply that standard in workers' compensation cases on a weekly basis and is therefore quite familiar with it.

{¶ 15} Turning to the record in Dr. Rolston's case, the second assignment of error involves a straight forward application of R.C. 3307.01(L)(2)(f), which reads:

> (2) Compensation does not include any of the following:
>
> * * *
>
> (f) Payments made by the employer in exchange for a member's waiver of a right to receive any payment, amount, or benefit described in division (L)(2) of this section.

Dr. Rolston agreed to forgo the incidental benefits of mileage reimbursement and the eligibility for payment of family health insurance coverage in return for having the USVLSD school board pay his portion of the funds due to STRS. This was later modified to delete the health insurance provision of his contract, but the mileage provision remained.

{¶ 16} We are aware that, in all likelihood, the benefit that Dr. Rolston received from the pension pick-up far exceeded the mileage reimbursement he gave up, but some evidence supported the finding of STRB on this issue. We cannot overturn STRB's finding left in place by the trial court.

{¶ 17} The second assignment of error is overruled.

{¶ 18} The first assignment of error focuses on the evidence before STRB as to whether or not the huge jump in Dr. Rolston's salary was attributable to retirement. The trial court found some evidence supported STRB's finding. We do not overturn that finding.

{¶ 19} We acknowledge that these school board members signed affidavits stating the salary increase had nothing to do with retirement benefits. Had STRB decided in Dr. Rolston's favor, some evidence was in the record to support such a finding. However, the record also contains evidence which supported STRB's decision. Dr. Rolston sent a

memorandum to school board members thanking them for their cooperation in allowing him a strong retirement benefit. His use of the word "cooperation" strongly implies discussions with members of the school board about Dr. Rolston's eventual retirement and his desire to increase his salary by $35,000 to obtain "a strong retirement benefit."

{¶ 20} The memorandum in which Dr. Rolston thanked the school board for its cooperation also included discussion of a foundation he was forming to give scholarships to students in the names of school board members. Dr. Rolston linked the two together by stating in the memorandum "[a]s I stated when I first talked with you after we solidify the budget I wanted to establish the foundation by you letting me also establish a strong retirement program." May 3, 2010 Memorandum.

{¶ 21} The foundation was not to be directly underwritten by the salary increase, but would be underwritten by Dr. Rolston cashing in his unused sick and vacation days. However, the amount he was paid for unused sick and vacation days in all likelihood was based on his salary, including the approximately $35,000 per year increase he received as a result of his agreement with the school board.

{¶ 22} STRB had some evidence to support its finding that the $35,000 increase was attributable to retirement. The trial court was right in not overturning that finding.

{¶ 23} We overrule the first assignment of error.

{¶ 24} Having overruled both assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas and refuse to grant a writ of mandamus.

*Judgment affirmed.*

KLATT, P.J., and CONNOR, J., concur.

_____